**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES REILLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  1:23-cv-2411 |
| | ) | |
| WILL COUNTY SHERIFF'S OFFICE, and | ) | **JURY TRIAL DEMANDED** |
| WILL COUNTY SHERIFF MICHAEL | ) | |
| KELLEY, in his official and individual | ) | |
| capacities, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff, James Reilly, for his Complaint against Will County Sheriff's Office and Will County Sheriff Michael Kelley in his official and individual capacities, states as follows:

**SUMMARY OF CLAIM**

1.     The Will County Sheriff, Michael Kelley, repeatedly passed over Deputy James Reilly for promotion to sergeant, even though Reilly is highly decorated veteran in law enforcement and was previously the highest scoring applicant on the certified sergeant promotional list.  In July 2022 that Kelley admitted that the reason why he passed over Reilly was not due to merit, instead it was because of campaign comments that Reilly made when the two were opposing candidates for Will County Sheriff.  Kelley's punishment of Reilly was for Reilly's protected political speech, made on his personal time as a candidate in an election campaign.  Plaintiff Reilly brings this action to redress an unlawful First Amendment retaliation.

**JURISDICTION**

2.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(a)(3) and (4) in that this is a suit in equity to redress the deprivation of the Plaintiff's rights, privileges and immunities under color of state law as secured by the First and Fourteenth Amendment and 42 U.S.C. § 1983.

**VENUE**

4. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) and (c) in that Defendants all reside in this district and all of the events giving rise to Plaintiff's claims and causes of action occurred within this district.

**THE PARTIES**

5. Defendant Will County Sheriff's Office ("Sheriff's Office") operates under the laws of the State of Illinois. Defendant Sheriff's Office is headed by an individual elected by the registered voters of Will County every four years, the Will County Sheriff.

6. Defendant Will County Sheriff Michael Kelley ("Kelley") was first elected Sheriff on December 1, 2014. Kelley was reelected in both 2018 and 2022, with his current term set to end in 2026. Kelley has final policy-making authority with regard to all conduct alleged in this Complaint, including the promotion of Will County deputies. Defendant Kelley at all times relevant acted under the color of state law. Defendant Kelley is sued in his individual and official capacities.

7. Plaintiff James Reilly ("Reilly") resides in unincorporated Wilmington, Illinois.

**STATEMENT OF FACTS**

8. Reilly is currently a Deputy with the Sheriff's Office. He has had a long, distinguished career in law enforcement, as well as being a published professor, teaching college-level courses on criminal justice and law enforcement.

9.      Prior to his employment at the Sheriff's Office, Reilly was an officer with the Joliet Police Department, where his duties involved a special unit assigned to organized crime and drug enforcement.  Working alongside local and federal agencies, Reilly developed much experience in solving cases such as murder, armed robbery and political corruption. During his time with the Joliet Police Department Reilly was twice named Officer of The Year.

10.     Reilly joined the Sheriff's Office in 2013.  By 2016 he was routinely receiving exemplary marks on his yearly performance evaluations.  In 2016 he met or exceeded all performance standards and was named Deputy of the Year.

11.     In his 2017 performance evaluation, Reilly outperformed his 2016 evaluation, achieving a perfect score and exceeding the standards in all categories.

12.     In 2017 Reilly and several other Will County deputies were eligible for the sergeant promotional exam, which was completed in November of that year.  Reilly finished top of his class and was placed first on the Sergeant Promotional List.

13.     Over the next several years, Kelley declined to promote Reilly to the position of sergeant, promoting six other individuals instead, including deputies with far lower scores on the promotional exam.  One such deputy was promoted to sergeant even though there was not currently a vacancy at the position.

14.     To date, on information and belief, Kelley never documented any legitimate reasons for selecting other candidates for promotion over Reilly.

15.     In 2018 Reilly ran against Kelley, the incumbent, for the position of Will County Sheriff.  Kelley defeated Reilly and retained his position.  Reilly performed all of his campaign activities on his personal time, outside of his scope of duties as a Will County deputy.

16. In 2022 Reilly again ran against Kelley for Will County Sheriff, narrowly losing the race by roughly 1% of the total votes. It was during that campaign though that Kelley revealed the politically motivated reasons for repeatedly passing over Reilly for promotion to sergeant.

17. On July 13, 2022, The Will County Sheriff's Police Deputies' Labor Union hosted a debate between Kelley and Reilly at the Fraternal Order of Police Lodge 738 meeting hall in Joliet. At that debate, when asked why he had never promoted Reilly to the position of sergeant, Kelley admitted that his decision was not based on merit but instead upon campaign statements made by Reilly which had allegedly placed Kelley in an unfavorable light. Kelley added: "Why would I promote him? Who would do that?"

18. Kelley's July 13, 2022 admission made clear that his decision to bypass Reilly for demonstrably less qualified individuals in the Sheriff's Department had nothing to do with merit, but was solely in retaliation for Reilly exercising his constitutional rights by running against him in the elections for Will County Sheriff and making protected political statements in the course of a campaign.

## COUNT I
### First Amendment Retaliation

19. The allegations of the preceding paragraphs are incorporated as though fully set forth herein.

20. The First Amendment, though the Fourteenth Amendment and § 1983, protects a wide spectrum of free speech, including the rights of public employees to campaign for elected positions without retaliation.

21. The actions of Kelley, in retaliating against Plaintiff and in facilitating, aiding, abetting and condoning said retaliation, caused Reilly compensable injuries and harmed him in the exercise of his First Amendment rights as guaranteed by the Fourteenth Amendment and § 1983.

22.     The actions of Kelley were intentional, willful, and malicious and/or in reckless disregard of Reilly's rights as secured by the First Amendment through the Fourteenth Amendment and § 1983.

23.     As the direct result of Kelley's actions, Reilly suffered a tangible loss of employment opportunities, and he has been stymied in his efforts to ascend in his calling in law enforcement.

**WHEREFORE**, Plaintiff seeks the following relief as to Count I of the Complaint:

A.     The entry of judgment against all Defendants including a declaration that Defendants' conduct violated Plaintiff's constitutional right to due process;

B.     Compensatory damages for Plaintiff's lost employment opportunities;

D.     Compensatory damages for the mental anguish, humiliation, degradation, physical and emotional pain and suffering, and damage to reputation;

E.     Punitive damages as allowed by law as against Kelley; and

F.     An award of reasonable attorneys' fees, costs, and litigation expenses.

Jury Demanded:  Plaintiff requests a trial by jury.

Respectfully submitted,

*/s/Paul K. Vickrey*
Paul K. Vickrey (vickrey@vvnlaw.com)
Patrick F. Solon (solon@vvnlaw.com)
Dylan M. Brown (brown@vvnlaw.com)
VITALE, VICKREY, NIRO, SOLON &
GASEY LLP
311 S. Wacker Dr., Suite 2470
Chicago, IL 60606
(312) 236-0733
Fax: (312) 236-3137

***Attorneys for Plaintiff, James Reilly***