IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES REILLY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23 C 2411 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| WILL COUNTY SHERIFF'S OFFICE, and WILL COUNTY SHERIFF MICHAEL KELLEY, in his official and individual capacities, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff James Reilly has brought a single count complaint under 21 U.S.C. § 1983 against defendants Will County Sheriff's Office and Will County Sheriff Michael Kelley alleging that defendants violated his First Amendment Rights by failing to promote him to sergeant in retaliation for his having run against Sheriff Kelley in the 2018 election for Will County Sheriff.[1] Defendants have moved to dismiss the complaint as time barred by the applicable two-year statute of limitations. As explained below, defendants' motion is granted.

### BACKGROUND

Plaintiff began working as a deputy in the Will County Sheriff's Office in 2013, after previously working for another law enforcement agency. In 2017 he took the promotional exam for the sergeant position. In November 2017, the Merit Commission certified the list of deputies who were eligible for promotion to sergeant. Plaintiff was the highest-ranked person on the certified list.

---

1 Because Sheriff Kelley has been named in both his individual and official capacity, plaintiff agrees that naming the Will County Sherriff's Office as a defendant is duplicative and unnecessary.

The eligibility list was effective for two years, expiring in early November 2019. During that two-year period, plaintiff ran for office against Sheriff Kelley in the 2018 Sheriff's election. In that same two-year period Sheriff Kelley promoted six other deputies to sergeant, but not plaintiff. Plaintiff alleges that the promoted deputies were less qualified than he, obviously scored lower on the exam, and that Sheriff Kelley never documented any legitimate reasons for selecting them over plaintiff.

In 2022 plaintiff once again ran against Kelley for Sheriff. In July 2022, Kelley was asked at a campaign debate why he had not promoted plaintiff back in 2018 or 2019. Kelley allegedly stated that his decision was based on campaign statements made by plaintiff and had nothing to do with merit.

## DISCUSSION

Defendants have moved to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Such a motion challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); see Gibson v. City of Chi., 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

Defendants argue that the latest that plaintiff's claim could accrue was November 2019, when the eligibility list expired. The statute of limitations applicable to § 1983 actions in

Illinois is two years. Tobey v. Chibucos, 890 F.3d 634, 645 (7th Cir. 2018). Because plaintiff filed the instant suit on April 18, 2023, defendants argue that it is over a year too late.

As an initial matter, a statute of limitations is an affirmative defense that ordinarily must be pleaded and proved by the defendant. Fed. R. Civ. P. 8(c)(1), Jay F. Hayden Foundation v. First Neighbor Bank, N.S., 610 F.3e 382, 383 (7th Cir. 2020). "Complaints need not anticipate defenses and attempt to defeat them." Richards v. Mitcheff, 696 F.3d 635, 637 (7th Cir. 2012). Nonetheless, when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim. Logan v. Wilkins, 644 F.3d 577, 582 (7th Cir. 2011). That is what defendants argue here.

A claim accrues for § 1983 purposes "when the plaintiff knows or should know that his or her constitutional rights have been violated." Kelly v. City of Chicago, 4 F.3d 509, 511 (7th Cir. 1993). The inquiry proceeds in two steps. The court must first identify the injury. Next it must determine the date on which the plaintiff could have sued for that injury. "That date should coincide with the date the plaintiff knows or should have known that his rights were violated." Id.

In the instant case, the parties agree that plaintiff's injury was being passed over for promotion. That happened six times between November 2017 and November 2019. The parties' dispute, however, the date on which plaintiff could have sued for that injury. Plaintiff argues that the complaint clearly alleges that he was unaware that his rights were violated until July 13, 2022, when Kelley stated that his decision was based on plaintiff's campaign statements. He argues that he did not and could not have known that his injury was unlawful and could not have brought suit until then.

3

Defendants, on the other hand, argue that the complaint makes clear that as of November 2019 plaintiff knew that: 1) he had participated in activity protected by the First Amendment when he ran for office; 2) he was injured when he was passed over for promotion to sergeant despite having the highest score on the exam; and 3) there was no legitimate reason for promoting lower-scoring deputies ahead of him. Thus, defendants argue that plaintiff should have known that his rights were violated at that point.

The court agrees with defendants' position. To accept plaintiff's argument would mean that he could wait until Kelley admitted that he failed to promoted plaintiff because of his exercising protected rights. The Seventh Circuit rejected a similar argument in Thelen v. Marc 's Big Boy Corp., 64 F.3d 264, 267 (7th Cir. 1995), a case brought under the Age Discrimination in Employment Act ("ADEA"), in which the plaintiff failed to file a charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the discriminatory act. The plaintiff argued that "the discovery rule extends the accrual of [the plaintiff's] claims" until some time after the date on which his supervisor told him that a much younger person had taken his position, rather than the older person the plaintiff had initially thought was promoted. The court first noted that the plaintiff had confused the discovery rule with the doctrines of equitable tolling and estoppel, stating "[a] plaintiff's action accrues when he discovers that he has been injured, not when he determines that injury was unlawful." Id. The court then rejected the plaintiff's argument that the limitations period should have been tolled because the defendant had initially told him that his job would be taken by someone in his own age bracket, preventing him from timely filing. "It is the view of this court that such a position would eviscerate the concept of a limitations period because 'it implies that a defendant is guilty of fraudulent

4

concealment unless it tells the plaintiff we're firing you because of your age.'" Id. (quoting Cada v. Baxter Healthcare Corp., 920 F.2d 446, 451 (7th Cir. 1990). The court also noted that equitable tolling does not postpone the running of the statute of limitations until a plaintiff is certain his rights have been violated, but rather the limitations period begins to run when a reasonable person would believe he may have a cause of action. Id.

In the instant case, plaintiff knew he was injured when he was passed over for promotion in favor of less qualified candidates and after having run unsuccessfully against Sheriff Kelley. The statute of limitations accrued and began to run then. Fraudulent concealment did not toll the running of the limitations period because defendant is not alleged to have concealed anything or taken any steps to prevent plaintiff from suing in time. Equitable tolling does not apply because a reasonable person would have believed that he was not promoted because of his protected activity, particularly since there was no other reasonable explanation. Consequently, plaintiff's suit comes too late, and defendants' motion to dismiss is granted.

## CONCLUSION

For the reasons described above, defendants' motion to dismiss [11] is granted.

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE: August 17, 2023**